UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
MELINDA MARTINEZ

                        Plaintiff,

  -against-

LVNV FUNDING, LLC
RESURGENT CAPITAL SERVICES, LP.
ALLIED INTERSTATE LLC
ALEGIS GROUP, LLC

                      Defendants.
------------------------------------------------------------------X

Case No.: 1:14-cv-00677-RRM-MDG

## FIRST-AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Melinda Martinez brings suit against Defendant debt collectors for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, and for related state law torts, and in support alleges as follows.

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq*. (FCRA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.  The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's  state law claims because they  are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions

1

giving rise to their claims occurred in Kings County, New York.

## PARTIES

3.  Plaintiff MELINDA MARTINEZ (hereinafter "Ms. Martinez") is an individual residing in Kings County, New York.

4.  Defendant LVNV FUNDING LLC ("LVNV") is a limited liability corporation, organized under the laws of the State of Delaware. LVNV engages in business in New York. This suit arose out of LVNV's business in New York. Therefore, LVNV may be served by and through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.  Defendant ALLIED INTERSTATE, LLC ("Allied") is a limited liability company, organized under the laws of the State of Minnesota. Allied engages in business in New York. This suit arose out of said Defendant's business in New York. Therefore, Allied may be served by and through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6.  Defendant RESURGENT CAPITAL SERVICES, LP ("Resurgent") a limited partnership organized under the laws of the State of Delaware. Resurgent is a limited liability corporation, organized under the laws of the State of Delaware. Resurgent engages in business in New York. This suit arose out of LVNV's business in New York. Therefore, Resurgent may be served by and through the New York Secretary of State located at One Commerce Plaza, 99

Washington Avenue, Albany, NY 12231.

7. Alegis Group, LLC is the general partner of Resurgent Capital Services, LP and thus is liable for the debt collection violations and other actions of Resurgent. Defendant Alegis is a limited a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of said Defendant's business in New York. Therefore, Alegis Group, LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and through its Delaware registered The Corporation Service Company, 2711 Centerville, Rd., Ste. 400, Wilmington, DE 19808.

8. The court has jurisdiction over LVNV, Resurgent, Alegis, and Allied because they, in person or through an agent, transact business within the state of New York; committed a tortious act in the state of New York causing injury to a person; committed a tortious act in the state of New York and 1) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state; 2) expect or should reasonably expect their acts to have consequences in the state and derive substantial revenue from interstate or international commerce; and/or 3) expect or should reasonably expect their acts to have consequences in the state and derive substantial revenue from interstate or international commerce.

**STATEMENT OF FACTS**

9. On or about August 2, 2006, LVNV sued Ms. Martinez in Bronx County Civil Court, <u>LVNV Funding, LLC v. Melinda Martinez</u>, No. CV-063752-06/BX (N.Y. Civ. Ct. August 2, 2006) (hereinafter, "the collections lawsuit").

10. The collections lawsuit sought to collect a putative debt for $1,246.44 (with interest at 9%) alleged to originally be owed to Household Bank.

11. Ms. Martinez was never served with process in the collections lawsuit.

12. On or about January 18, 2007, the court entered a default judgment against Ms. Martinez in the collections lawsuit based on a false affidavit of service of the summons and complaint.

13. On or about December 28, 2010, Ms. Martinez filed a motion to vacate the sewer service judgment in the collections lawsuit.

14. On or about March 3, 2011, the court granted Ms. Martinez's motion to vacate the sewer service judgment.

15. A trial on the merits was set for July 12, 2011, wherein the state court dismissed the collections lawsuit with prejudice.

16. A dismissal with prejudice is adjudication on the merits that the putative debt was not owed.

17. On information and belief, LVNV's communications with credit reporting agencies regarding this account went through its "servicers" and "subservicers," Resurgent and Allied.

18. Thus, LVNV, Resurgent and Allied are jointly and severally liable for the acts taken in attempt to collect the debt for LVNV, including an impermissible credit pull and dunning letter for an amount not owed.

19. On or about October 15, 2012, LVNV, through its master servicer Resurgent, pulled Ms. Martinez's credit report in connection with an attempt to collect the putative sewer service judgment that was vacated on March 3, 2011.

20. Ms. Martinez did not know, nor could she have reasonably known, about the credit report pull until she saw a copy of her April 10, 2013 credit report within one year of the filing of the Original Complaint in this action.

21. Because the sewer service judgment was vacated, neither LVNV nor Resurgent had a permissible purpose to pull her credit report, a fact LVNV and Resurgent knew, should have known, or recklessly disregarded knowing.

22. Because the dismissal with prejudice of the adjudication the Ms. Martinez did not owe the putative debt, neither LVNV nor Resurgent had a permissible purpose to pull her credit report for any reason, a fact LVNV and Resurgent knew or should have known, or recklessly disregarded knowing.

23. LVNV was the party to the collection lawsuit and, at a minimum, is charged with knowledge of its acts in the collection lawsuit. The communications regarding the collections lawsuit were going through Resurgent, LVNV's master servicer so it had actual knowledge of the order vacating the sewer service judgment and the order of dismissal with prejudice.

24. The impermissible pull of her credit report by LVNV, through Resurgent invaded Ms. Martinez's privacy, illegally disclosing her most private personal financial information.

25. The credit report Resurgent pulled disclosed Ms. Martinez's social security number, her date of birth, and the names and account numbers of her purported current and former creditors for at least the prior seven years.

26. It is embarrassing to disclose to strangers with no permissible purpose each and every account one has or is alleged to have over the last seven years, including every alleged missed

payment or delinquency.

27. This was especially embarrassing and frustrating for Ms. Martinez as the state court had already vacated the sewer service judgment sought to be collected, and had already adjudicated by way of the dismissal with prejudice that she did not owe putative underlying account.

28. LVNV, through Resurgent, pulled Ms. Martinez's credit report in connection with an attempt to collect the vacated judgment, entered into because of sewer service, for a debt the state court ruled Ms. Martinez did not owe.

29. Indeed, the partial document production of the Resurgent Defendants to date in this case demonstrates that the Resurgent Defendants had no fewer than *twenty pages* of information and analysis from Ms. Martinez's credit report.

30. The Resurgent Defendants performed a sophisticated analysis of each item on Ms. Martinez's credit report, creating a "value" for each and every account on her report to analyze the most effective way to attempt to continue to collect a debt that they had no legal right to collect.

31. Moreover, despite the collections lawsuit being dismissed with prejudice in March 2011, LVNV sent Ms. Martinez a collections letter

32. On March 4, 2013, LVNV, through Resurgent and Allied sent a collection letter to Ms. Martinez seeking to collect the vacated judgment, entered into because of sewer service, for a debt the state court ruled Ms. Martinez did not owe.

33. The March 4, 2013 collection letter was under the letterhead of Allied, and listed LVNV

as the putative creditor. The continued collection of a debt not owed caused Ms. Martinez emotional distress including anger, frustration, and exasperation.

34. On information and belief when LVNV, through Resurgent, forwarded the putative judgment to Allied for collection it did not disclose to Allied that the judgment was vacated, that the putative debt was extinguished or, at a minimum, the judgment and the debt were disputed.

35. On information and belief LVNV, through Resurgent, forwarded the account to Allied within one year of the filing of this action. In discovery answers to date, Allied contends that neither LVNV nor Resurgent informed Allied that the putative debt was extinguished, or even that it was disputed.

36. Allied took no steps to determine what the putative judgment they sought to collect upon was still valid. For example, Allied did not look on the free publicly available E-Courts system to see if an order to show cause to vacate the judgment was filed or granted. Had Allied done so, it would have seen that an order to show cause to vacate the judgment was filed and granted.

37. Ms. Martinez sent a verification demand to LVNV, through Allied, within 30 days of her receipt of the letter, and never received a response.

38. Defendants' actions inflicted damages upon Plaintiff. This includes damages for including, but not limited to, emotional distress, annoyance, aggravation, frustration, and loss of time and expenses for continued collection attempts for a debts she does not owe. The continued collection of a debt not owed, including by way of the impermissible pull, also caused Ms. Martinez emotional distress including anger, frustration, and exasperation.

39. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or

employment.

## COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

40. Ms. Martinez repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

42. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

43. The obligation Defendants alleged to be owed by Ms. Martinez is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family,

8

personal or household purposes.

44. Ms. Martinez is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Ms. Martinez was alleged to owe a "debt."

45. Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) because their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

46. LVNV purchases charged off consumer accounts after they are in default with the putative original creditor and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits.

47. Resurgent acts as the master servicer for charged off consumer debt owned by LVNV, servicing, administering, and collecting LVNV's charged-off receivables. Therefore, Resurgent is the agent of LVNV.

48. Resurgent pulls credit reports and arranges for sub-servicers to collect via collection letters and phone calls.

49. Alegis is the general partner for Resurgent and is responsible for the management of Resurgent. Therefore, Resurgent is also the agent for Alegis.

50. Allied acts as a sub-servicer for Resurgent, servicing, administering, and collecting LVNV's charged-off receivables. Therefore, Allied is the agent of LVNV, Resurgent, and Alegis.

51. LVNV acquired the putative debt after it was in default.

52. Alegis, Resurgent, and Allied acquired the putative debt for "servicing" from LVNV after it was in default.

53. LVNV attempts to collect hundreds of thousands of alleged consumer debts acquired after default from the original creditor by retaining "servicers" such as Resurgent who make phone calls, send letters, and report putative debts on behalf of LVNV.

54. By forwarding the account to Allied for further collections without disclosing that the debt was extinguished do to the court order, LVNV, through Resurgent, Resurgent and LVNV communicated credit information that they know or should have known was false.

55. Defendants violated the following sections of the FDCPA: 15 U.S.C. § 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### COUNT #2: VIOLATION OF THE FAIR CREDIT REPORTING ACT (AGAINST DEFENDANTS LVNV, RESURGENT, AND ALEGIS)

56. Ms. Martinez repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

57. The commonly used term "credit reporting agencies" is used interchangeably in this complaint with the technical definition of that same term used by the FCRA, "consumer

reporting agencies."

58. Ms. Martinez is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681a(c) because she is an individual.

59. LVNV and Resurgent are each a "person" as defined by the FCRA, USC § 1681a(b).

60. LVNV and Resurgent obtained information regarding Ms. Martinez from a "consumer reporting agency," as defined by the FCRA, 15 USC § 1681a(f).

61. A "consumer reporting agency" is commonly known as a "credit reporting agency" and includes, without limitation, such companies as Experian, Equifax, and TransUnion.

62. LVNV and Resurgent obtained documents (whether in written or electronic form) from one or more credit reporting agencies regarding Ms. Martinez, and said documents are "consumer report[s]," as defined by the FCRA, 15 USC § 1681a(d).

63. A "consumer report" is commonly known as a "credit report."

64. LVNV and Resurgent requested, obtained, used and/or disseminated the consumer reports of Ms. Martinez, or information contained therein, without any of the permissible purposes or uses enumerated in the FCRA, 15 USC § 1681b(a).

11

65. The actions of LVNV and Resurgent were intentional and willful. Pursuant to 15 USC § 1681n and 1691q, any natural person who willfully fails to comply with any of its requirements under the FCRA, including the limitations on accessing a consumer report, or who knowingly and willfully obtains a consumer report without a permissible purpose and under false pretenses, is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure (although in this action Plaintiff does not seek actual damages for violations of the FCRA) or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 USC § 1681n, the costs of the action together with reasonable attorneys' fees.

66. As a result of their request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, LVNV and Resurgent are liable to Ms. Martinez in an amount equal to the sum of (i) $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

67. As a result of LVNV's and Resurgent's knowing and willful request and receipt of information regarding Ms. Martinez from a consumer reporting agency under false pretenses, LVNV, Resurgent and Alegis are liable to Ms. Martinez in an amount equal to the sum of (i) statutory damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

68. Alegis, as the general partner of Resurgent, is jointly and severally liable for the acts of

Resurgent.

## JURY DEMAND

69. Ms. Martinez demands a trial by jury.

## PRAYER

70. WHEREFORE, plaintiff asks for judgment against defendants for the following:

   a. The above referenced relief requested;

   b. Statutory damages against all Defendants under the FDCPA up to $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

   c. Statutory damages against LVNV, Resurgent, and Alegis under the FCRA of not less than $100 and no more than $1,000, along with punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

   d. Actual, exemplary, and punitive damages within the jurisdictional limits of the court;

   e. Attorney fees and costs;

   f. A declaration that Defendants violated the FDCPA and FCRA as alleged;

   g. Prejudgment and post judgment interest as allowed by law;

   h. General relief;

   i. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled.

Dated: Brooklyn, New York
       February 4, 2016

                            Respectfully submitted,


                            /s/
                            Ahmad Keshavarz
                            The Law Office of Ahmad Keshavarz

13

Last saved 2/4/2016 10:52:00 AM

16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served all counsel of record via ECF.

February 4, 2016


/s/
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

Last saved 2/4/2016 10:52:00 AM